# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# COLUMBUS DIVISION

| | |
|---|---|
| **GARY THOMPSON** </br> c/o Hux Law Firm, LLC </br> 5210 Herringbone Dr. Apt 303 </br> Cincinnati, OH 45227 </br> </br> Individually and on behalf of All Other </br> Similarly Situated Individuals </br> </br> **Plaintiffs,** </br> </br> v. </br> </br> **RELIABLE STAFFING RESOURCES LLC** </br> c/o Timothy E. Miller </br> 2 Miranova Pl Ste 700 </br> Columbus, OH 43215 </br> </br> **Defendant.** | CASE NO. </br> </br> JUDGE: </br> </br> </br> </br> </br> </br> </br> </br> **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** </br> </br> **JURY DEMAND ENDORSED HEREIN** |

Plaintiff, Gary Thompson, by and through undersigned counsel, as his Complaint against the Defendant Reliable Staffing Resources LLC ("Reliable"), states and avers the following:

## PRELIMINARY STATEMENT

Thompson, on behalf of himself and all other similarly situated employees of Reliable, brings this Class Action under Rule 23 of the Federal Rules of Civil Procedure and , with respect to an Ohio class, bring a Rule 23 Class Action under Ohio law, against Reliable seeking appropriate monetary, and declaratory relief based on Reliable's discrimination in violation of Title VII of the Civil Rights Act of 1964 and O.R.C. §4112.02, *et seq*. Thompson sues as an individual and as a representative of a class action under Title VII of the Civil Rights Act of 1964 and O.R.C. §4112.02, *et seq*. Thompson and the class allege that Reliable discriminated against them when it failed to hire or even consider them for employment because of their sex, male.

## PARTIES

1. Plaintiff Thompson is a resident of the City of Columbus in Franklin County, Ohio.

2. Reliable is an employment staffing agency that regularly employs individuals for third parties. It is a domestic limited liability corporation that conducts business at 4206 West Broad Street, Columbus, OH 43228.

## JURISDICTION AND VENUE

3. Personal jurisdiction is proper over Defendants pursuant to 28 U.S.C § 1331 in that Thompson and the class is alleging a federal law claim arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C §2000e-2 ("Title VII").

4. Venue is properly placed in the United States District Court for the Southern District of Ohio, Columbus Division, because it is the district court for the district, division, and county within which the Defendant operates and conducts business.

5. Prior to instituting this action, Thompson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2018-02746, alleging that Defendant and its agents subjected him to disparate treatment because of his sex, male.

6. Thompson was mailed his Right to Sue Notice from the EEOC on or about March 1, 2024.

7. A true and accurate copy of Thompson's Right to Sue Notice is attached as Exhibit 1.

8. Thompson has properly exhausted his administrative remedies pursuant to 29 U.S.C. § 626(e).

9. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

10. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over all other claims in this Complaint because they arise out of the same case or controversy.

## CLASS ALLEGATIONS

11. The potential class is defined to include all prospective male employees that applied for and were denied or were told they could not apply for employment opportunities advertised by Reliable from January 1, 2016, to the date of judgment in this matter.

12. Upon information or belief, over 100 male employees applied for and were denied, or told they could not apply for employment opportunities.

13. The question of fact/law which is common to the class is whether Reliable denied employment opportunities to male applicants on the basis of their sex, in violation of Title VII and ORC §4112.02, *et al*.

14. The claims of Thompson are typical of the claims of the class members, in that he was a prospective employee that inquired about an employment opportunity and was told he could not apply because of he was a male.

15. Thompson is an adequate representative of the class because he suffered from the same discriminatory treatment and his interests are not inconsistent with the other members of the proposed class. Further, he has retained competent counsel through whom he can vigorously prosecute the interests of the class.

16. The representative's claims are typical of the class in that both the representative and the individuals in the potential class have been denied employment opportunities on the basis of their sex, male.

## FACTS

17. Thompson was a prospective employee of Reliable.

18. Reliable is a staffing company that employs individuals to fill staffing needs for third parties.

19. Reliable regularly provided staffing needs to companies in Ohio.

20. At one point in time, Reliable conducted business at 4129 W. Broad Street, Columbus, Ohio 43228.

21. Upon information and belief, Reliable discussed the staffing needs that companies had before placing advertisement for employment opportunities. This often-included discussions about excluding applicants based on their sex or other protected characteristics.

22. In or around September 2018, Reliable posted an advertisement on Craigslist with the following subject:

**HIRING 100 LADIES FOR A SUPER EASY PACKING JOB! (GROVEPORT)**

23. A true and accurate copy of the job ad is attached as Exhibit 2. ("100 Ladies").

24. On September 17, 2018, Thompson contacted Reliable via email to the 100 Ladies ad to ask if the position was only open to females.

25. On September 18, 2018, a Reliable employee responded to Thompson and confirmed that the position was only available to women.

26. Thompson was denied the opportunity to apply for 100 Ladies because of his sex.

27. There was no bona fide occupational qualification that allowed Reliable to deny Thompson employment opportunities because of his sex.

28. On or about November 14, 2018, Thompson filed charge of discrimination with the EEOC. The charge was assigned EEOC Charge No. 532-2018-02746.

29. On or about April 14, 2022, the EEOC issued a probable cause finding that since at least January 1, 2016, Reliable engaged in recruitment and employment practices that discriminated against Thompson and a class of individuals based on their sex, male, in violation of Title VII.

30. A true and accurate copy of the probable cause determination letter is attached as Exhibit 3. ("Determination Letter").

31. After a probable cause determination, the EEOC is required to attempts to eliminate the alleged unlawful practices by an informal method known as conciliation.

32. On or about June 14, 2023, the EEOC issued a notice of conciliation failure because it determined that further conciliation efforts would be futile or non-productive.

33. A true and accurate copy of the Notice of Conciliation Failure letter is attached as Exhibit 4. ("Conciliation Failure Letter").

## COUNT I:

## SEX (GENDER) DISCRIMINATION IN VIOLATION OF TITLE VII

## (FAILURE TO RECRUIT, REFER, OR HIRE)

34. Thompson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

35. Thompson and those similarly situated were "employees" as defined by Title VII.

36. Defendant was an "employer" as defined by Title VII.

37. Thompson and those similarly situated were fully competent to perform essential job duties of the jobs they applied for.

38. Defendant treated Thompson and those similarly situated differently based on their sex, male.

39. Specifically, Defendant discriminated against Thompson and those similarly situated on the basis of their sex when it failed to recruit, refer, or hire applicants and deny them employment opportunities because of their sex, male.

40. Defendant violated Title VII when it discriminated against Thompson and those similarly situated based on their sex.

41. Defendant is liable for the acts and omissions of its agents and employees.

42. The sex-related employment practices and other acts or omissions of Defendant and its agents, supervisors, and employees reflect Defendant's reckless, willful, and wanton indifference or hostility to Thompson's and those similarly situated protected employment rights and status, directly and proximately resulting in such damages as may be proven at trial, including but not limited to lost income and benefits; lost employment opportunities; psychological, emotional, and mental anguish; distress, humiliation, embarrassment, and degradation; pain and suffering; and Thompson's attorney's fees in bringing this action.

43. As a result of Defendant's discrimination based on sex, Thompson, as an individual, Thompson as a representative for the class, and the member of the class that Thompson seeks to represent are entitled to damages available to them under Title VII.

44. As a consequence of this discrimination, Thompson seeks to bring a Rule 23(b)(3) Class action on the part of all men who were denied employment opportunities by Reliable from January 1, 2016, to present.

45. Thompson can meet the numerosity, commonality, typicality, and adequate representation requirements for a Rule 23 class action as set forth in the Class Allegations in paragraphs 11-16 above.

46. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense of individual litigation may be prohibitive and rend it

impractical for class members to sue Reliable for subjecting them to discriminatory hiring practices that denied them employment opportunities on the basis of their sex.

**COUNT II:**

**SEX (GENDER) DISCRIMINATION IN VIOLATION OF R.C. § 4112.02(A)**

**(FAILURE TO RECRUIT, REFER, OR HIRE)**

47. Thompson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

48. Defendant was an employer as defined by R.C. § 4112.01(A)(2).

49. Thompson and those similarly situated were employees as defined by R.C. §4112.01(A)(3).

50. Thompson and those similarly situated were fully competent to perform essential job duties of the jobs they applied for.

51. Defendant treated Thompson and those similarly situated differently based on their sex, male.

52. Specifically, Defendant discriminated against Thompson and those similarly situated on the basis of their sex when it failed to recruit, refer, or hire applicants and deny them employment opportunities because of their sex, male.

53. Defendant violated R.C. §4112, *et al*. when it discriminated against Thompson and those similarly situated based on their sex.

54. Defendant is liable for the acts and omissions of its agents and employees.

55. The sex-related employment practices and other acts or omissions of Defendant and its agents, supervisors, and employees reflect Defendant's reckless, willful, and wanton indifference or hostility to Thompson's protected employment rights and status, directly and

proximately resulting in such damages as may be proven at trial, including but not limited to lost income and benefits; lost employment opportunities; psychological, emotional, and mental anguish; distress, humiliation, embarrassment, and degradation; pain and suffering; and Thompson's attorney's fees in bringing this action.

56. As a result of Defendant's discrimination based on sex, Thompson, as an individual, Thompson as a representative for the class, and the member of the class that Thompson seeks to represent are entitled to damages available to them under R.C. §4112, *et al*.

57. As a consequence of this discrimination, Thompson seeks to bring a Rule 23(b)(3) Class action on the part of all men who were denied employment opportunities by Reliable from January 1, 2016, to present.

58. Thompson can meet the numerosity, commonality, typicality, and adequate representation requirements for a Rule 23 class action as set forth in the Class Allegations in paragraphs 11-16 above.

59. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense of individual litigation may be prohibitive and rend it impractical for class members to sue Reliable for subjecting them to discriminatory hiring practices that denied them employment opportunities on the basis of their sex.

# **DEMAND FOR RELIEF**

WHEREFORE, Thompson demands from Defendant the following:

(a) An Order permitting this litigation to proceed as a Title VII and Ohio class action with Thompson designated as the Class Representative.

(b) Issue a permanent injunction:

  (i) Requiring Defendant to abolish discrimination, harassment, and retaliation;

  (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

  (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

  (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

  (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(c) Issue an order requiring Defendant to restore Thompson to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(d) An award against each Defendant of compensatory and monetary damages to compensate Thompson for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $75,000 per claim to be proven at trial;

(e) An award of punitive damages against each Defendant in an amount in excess of $75,000;

(f) An award of reasonable attorney's fees and non-taxable costs for Thompson claims as allowable under law;

(g) An award of the taxable costs of this action; and

(h) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

_____
James J. Hux (0092992)
**HUX LAW FIRM, LLC**
5210 Herringbone Dr., Apt. 303
Cincinnati, OH 45227
Phone: (937) 315-1106
Fax:    (216) 359-7760
Email: jhux@huxlawfirm.com

*Attorney For Plaintiff*

## JURY DEMAND

Plaintiff Gary Thompson demands a trial by jury by the maximum number of jurors permitted.

_____
James J. Hux (0092992)